UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDIN FRANCISCO OSOYIO LOPEZ,

Petitioner,

v.

Case No. 2:26-cv-2250-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Fredin Francisco Osoyio Lopez seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) As best the Court can tell from the pro se petition, Lopez first argues that he is entitled to release under § 1231 of the Immigration and Nationality Act because his detention has become unconstitutionally prolonged. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). But § 1231 has no application here because Lopez does not have a final removal order.

Lopez's "detention is [instead] governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Lopez has already received a bond hearing, which was

denied. (*See* Doc. 6-1 at 9-10.) Thus, the Court finds that the habeas petition, as currently constituted, is moot.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Lopez filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1.) But Lopez received a bond hearing before an immigration judge. He has thus received process.

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Lopez has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

Because Lopez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition (Doc. 1) is **DENIED**. The Clerk is

**DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on August 21, 2026.

Kyle C. Dudek
United States District Judge